**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30060 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06024-RMP-1 |
| v. | |
| MONYA DEMONDA TOWNSEND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted March 9, 2012
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[**]

Monya Demonda Townsend was charged with being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g). He pled guilty pursuant to a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Josephine Staton Tucker, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

conditional plea that preserved his right to appeal the district court's denial of his motion to suppress evidence. We reverse.

In the early morning hours of December 13, 2006, the Pasco, Washington Police Department dispatched officers to the Red Lion Inn based on an anonymous tip that a black male wearing a blue shirt was possibly in possession of a firearm. The officers were told to look for a burgundy SUV. The Red Lion Inn was a popular bar where officers often responded to calls regarding fights, public intoxication, disorderly conduct, or gang issues. The tip lacked predictive detail and alone was insufficient to establish reasonable suspicion of criminal activity. *See Florida v. J.L.*, 529 U.S. 266, 270-72 (2000).

When police officers arrived at the scene, Red Lion security personnel pointed toward a burgundy SUV in the hotel's parking lot. The officers observed a crowd approximately fifteen feet away from the SUV. They believed that the passengers inside the SUV were engaged in a verbal altercation with members of the crowd because one of the individuals inside the SUV twice made a "jabbing kind of gesture" and an officer could see that the individual's "mouth [was] going." Due to their vantage point, the officers could not see the SUV occupants' hands. The officers commanded the driver to stop the vehicle. It not stop immediately, but rolled forward at a speed of two to three miles per hour for several feet before coming to a complete stop. At the hearing on Townsend's

motion to suppress, the officers acknowledged that they could not identify any criminal activity at the time they stopped the vehicle.

The officers' observations upon arrival at the Red Lion did nothing to assure the tipster's basis of knowledge or veracity. *See id.* at 270-71. Nor did the officers observe "some objective manifestation that the person stopped [wa]s, or [wa]s about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). Therefore, the *Terry* stop was unlawful and the district court erred in denying Townsend's motion.[1]

REVERSED and REMANDED.

_____

[1]We do not reach Townsend's de facto arrest claim, nor his claim that the gun seized from the SUV was not in plain view.

***United States v. Townsend***, **Case No. 11-30060**
**Murguia, Circuit Judge, dissenting:**

I respectfully dissent. In my view, the dispatch call in this case was far more reliable than an anonymous tip. Upon their arrival at the scene, the officers saw the security guards point to a suspect and a vehicle, both of which matched the description relayed by the dispatch call. This action by the security guards indicated that the call had likely come from hotel staff and was, therefore, more reliable than a tip where the record is completely silent as to the tip's source. *See Florida v. J.L.*, 529 U.S. 266, 275 (Kennedy, J., concurring) ("[A] tip might be anonymous in some sense yet have certain other features, either supporting reliability or narrowing the likely class of informants, so that the tip does provide the lawful basis for some police action.").

In addition, the call had warned of possible dangerous conduct and the officers observed the suspect in an agitated state. The suspects also refused to comply with the officers' repeated commands to show their hands before the vehicle started rolling forward. In light of the officers' training, experience, and familiarity with past instances of violence at that same location, I believe their conduct was reasonable. Because I would affirm the district court's denial of the motion to suppress, I respectfully dissent.